UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE: VALARIE SHAKIM DARE,    { CHAPTER 13

           {

           {

DEBTOR           { CASE NO. A25-57679-SMS

           {

           { JUDGE SAGE M. SIGLER

## OBJECTION TO CONFIRMATION

COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor provides the Trustee with a sworn statement by the Debtor, in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

2. The Debtor has not filed copies of all payment advices or other evidence of payments received within sixty (60) days before the date of the filing of the petition as required by 11

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

U.S.C. §521(a)(1)(B)(iv) and Fed. R. Bankr. P. 1007(b)(1)(E).   Specifically, Debtor filed copies of old pay advices.

3.   Pursuant to information received from the Internal Revenue Service, 2023 and 2024 tax returns have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

4.   The Chapter 13 Plan is not feasible as the sum of the equal monthly payments to creditors is greater than the monthly plan payment. 11 U.S.C. § 1325(a)(6).

5.   The Chapter 13 budget fails to include expenses for a storage unit in the amount of $250.00 per month; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. § 1325(a)(6).

6.   The funding of post-petition lease installments has not been maintained in the above-styled Chapter 13 case, possibly indicating that the present budget and proposed plan are infeasible.  11 U.S.C. § 1325 (a)(6).

7.   Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6).  Specifically, the Debtor testified at the Meeting of Creditors that her Instacart income has decreased.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

3

A25-57679-SMS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

LAW OFFICES OF STANLEY J. KAKOL, JR.

I further certify that on this day I caused a copy of this document to be served via first-class United States mail, postage prepaid, on the following parties at the address shown for each:

VALARIE SHAKIM DARE
3450 MILLER DRIVE
BLDG. 2-2107
ATLANTA, GA 30341

This 9th day of September, 2025

_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com